Drone USA, Inc. v Antonelos (2022 NY Slip Op 05129)

Drone USA, Inc. v Antonelos

2022 NY Slip Op 05129

Decided on September 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 650863/19 Appeal No. 16155 Case No. 2022-00109 

[*1]Drone USA, Inc., et al, Plaintiffs-Respondents,
v
Dennis Antonelos, Defendant-Appellant.

The Dratch Law Firm, P.C., New York (Daniel Leberfeld of counsel), for appellant.
Blank Rome LLP, New York (Gregory P. Cronin of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about September 23, 2021, which, to the extent appealed from, denied defendant's motion for summary judgment on liability on his counterclaims against plaintiff Drone USA, Inc. (Drone) for breach of contract and indemnification, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for a determination of attorneys' fees consistent with the decision herein.
Defendant established prima facie that Drone owed him accrued, unpaid salary under the clear and unambiguous terms of the parties' employment contract. It is undisputed that defendant is owed at a minimum $86,867.64 under the agreement; indeed, Drone and its president and chief executive officer (CEO), Michael Bannon, represented to the SEC that defendant was owed that amount, recording it as an "accrued expense" on the company's balance sheet.
Drone claimed in opposition that it did not have to pay defendant his salary in cash, but had the option to pay defendant his wages in (worthless and unmarketable) Drone stock, relying on paragraph 3 in the employment agreement, governing compensation during the "employment period," which states, "the Company may elect to . . . defer any cash payment until it has sufficient funds to do so." Drone, however, ignores paragraph 5(b) of the employment agreement, applicable post-termination, which states that "[i]n the event that [defendant's] employment with the Company is terminated . . . the Company shall pay or grant [defendant] any earned but unpaid salary, bonus, and Options through [defendant's] final date of employment with the Company, and the Company shall have no further obligations to [defendant]" (emphasis added). Read as a whole, the employment agreement makes clear that while payment of defendant's salary could be deferred for lack of funds while he remained in Drone's employ, "all earned but unpaid salary" was payable to defendant, unconditionally, upon termination of employment (see Bailey v Fish & Neave, 8 NY3d 523, 528 [2007]). The finality of its language reflects an intent that the parties promptly settle up affairs within a reasonable time (see Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]).
Defendant demonstrated his right under the corporation's bylaws to be indemnified for attorneys' fees expended in defending against this action brought by Drone and its CEO on a guaranty that he had executed with the CEO to guarantee Drone's performance on a compensation agreement with a third-party employee (see 8 Del Code § 145 [a]-[c]; Pontone v Milso Indus. Corp., 100 A3d 1023, 1050-1054 [Del Ch 2014]). Defendant's execution of the guaranty was an exercise of judgment, discretion, or decision-making authority on behalf of the corporation (see Paolino v Mace Sec. Intl, Inc., 985 A2d 392, 403 [Del Ch 2009]). The evidence shows that defendant signed the guaranty as an officer of Drone, and not for personal interests.
THIS [*2]CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 6, 2022